**AMERICAN HOME ASSURANCE COMPANY, Plaintiff,**

v.

**MERCK & CO. INC., Defendant,**

v.

**A.I. Marine Adjusters, Counterclaim Defendant.**

No. 03 Civ. 3850(VM).

United States District Court, S.D. New York.

Jan. 14, 2005.

John Nicotetti, Nicoletti Hornig & Sweeney Wall Street Plaza, New York City, for Plaintiff.

Jerold Oshinsky, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Joseph F. Fields, Dicktein, Shapiro, Morin & Oshinsky, L.L.P., New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

As the Court's prior opinions in this case have discussed in detail,[1] this action concerns a dispute between an insurer and its insured over indemnification of losses sustained by the insured. The suit was filed by insurer American Home Assurance Company ("American Home") against its insured, Merck & Co., Inc. ("Merck"), seeking a declaratory judgment that American Home was not required to indemnify certain losses sustained by Merck under a transit insurance policy (the "Policy") issued by American Home to Merck in 2000. Via its Answer, Defenses, and Counterclaims to the Second Amended Complaint, dated September 17, 2003 ("Answer"), Merck denied American Home's allegations and asserted counterclaims for breach of contract, bad faith, negligence, fraud, breach of fiduciary duty, and other statutory and common law violations. In March 2004, Merck moved to amend its Answer pursuant to Fed. R.Civ.P. 15(a) in order to add AI Marine Adjusters ("AI Marine") as a defendant, withdraw its fraud counterclaim, and withdraw one of its claims for breach of contract.

While Merck's Rule 15(a) motion was *sub judice* before Magistrate Judge Francis, American Home and Merck each filed separate motions contesting the choice of law governing the dispute between the parties and the basis for this Court's subject matter jurisdiction over the dispute. American Home's Motion for (1) Partial Summary Judgment on Choice of Law and (2) to Dismiss Certain Counterclaims, dated April 20, 2004 (hereinafter, "American Home's Motion") also sought to dismiss several of Merck's initial or proposed amended counterclaims, including its claims: (1) under a Pennsylvania statute providing for relief against insurers who act in bad faith towards their insureds, *see* 42 Pa. Cons.Stat. Ann. § 8371 (West 2004); (2) under the New York Consumer Protection from Deceptive Acts and Practices Act ("New York Consumer Protection Act"); (3) for fraud against American Home and

---

1. *See American Home Assurance Co. v. Merck & Co., Inc.,* 329 F.Supp.2d 436 (S.D.N.Y. 2004) (*"American Home I"*); American Home Assurance Co. v. Merck & Co., Inc., No. 03 Civ. 3850, 2004 WL 2149103 (S.D.N.Y. Sept. 24, 2004) (*"American Home II"*).

AI Marine; and (4) for breach of fiduciary duty against AI Marine.

In *American Home I*, the Court concluded that Pennsylvania law applied to the conflict between the parties and that its subject matter jurisdiction was based on diversity of the parties' citizenship rather than admiralty, as asserted by American Home. *See American Home I*, 329 F.Supp.2d at 436. Because Merck's Rule 15(a) motion was still pending before Magistrate Judge Francis, the Court in *American Home I* reserved judgment on the portion of American Home's Motion that sought to dismiss certain Merck counterclaims. By subsequent Order, however, it decided that the resolution of the choice of law question in favor of Pennsylvania law required dismissal of Merck's counterclaims under the New York Consumer Protection Act. *See Am. Home Assurance Co. v. Merck & Co.*, 329 F.Supp.2d 436 (S.D.N.Y.2004) (order granting American Home's motion to dismiss Merck's counterclaim for relief under the New York Consumer Protection Act, but reserving judgment on the remainder of American Home's motion to dismiss).

Subsequently, in *American Home II*, Magistrate Judge Francis granted Merck's Rule 15(a) motion, which American Home had opposed on the grounds that adding AI Marine as a counterclaim defendant and asserting claims against AI Marine would be futile and would consequently cause prejudice to American Home. Magistrate Judge Francis disagreed with American Home's contentions, concluding that Merck's proposed Amended Answer, Defenses, and Counterclaims to the Second Amended Complaint ("Amended Answer") adequately pled counterclaims against AI Marine. *See American Home II*, 2004 WL 2149103 at *3–4. As *American Home*

*II* stated, Merck's claims that AI Marine had a contractual relationship with Merck rendered non-futile its breach of fiduciary duty and other claims against the company, even if claims adjusters such as AI Marine lacked fiduciary duties towards insureds that were independent of a contractual relationship between the parties. *See id.*[2]

By letter dated October 1, 2004, counsel for Merck informed the Court that the remainder of American Home's Motion was ripe for review.

## II.  STANDARD OF REVIEW

Under settled rules, "a [counterclaim] should not be dismissed for failure to state a claim unless it appears beyond doubt that the [counterclaim] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court must accept as true all well-pleaded factual allegations asserted by the counterclaim plaintiff, and "draw all reasonable inferences in favor of the non-moving party." *SEC v. Pimco Advisors Fund Management LLC*, 341 F.Supp.2d 454, 463 (S.D.N.Y.2004) (citing *Securities Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 68 (2d Cir.2000)).

## III.  DISCUSSION

The Court previously reserved judgment on American Home's motion to dismiss three of Merck's counterclaims while Merck's Rule 15(a) motion was *sub judice:* (1) its fraud claims against American Home and AI Marine; (2) its claim for breach of fiduciary duty against AI Ma-

---

**2.** *American Home II* did not determine whether claims adjusters owed duties to insureds under Pennsylvania law because American

Home had briefed the issue exclusively under New York law, which *American Home I* concluded did not apply to the instant dispute.

rine; and (3) its bad faith claim against American Home under Pennsylvania law. The Court concludes initially that American Home's motion to dismiss Merck's fraud counterclaims is now moot, given that the operative Amended Answer approved by *American Home II* no longer charges either company with fraud.

■ Turning next to American Home's motion to dismiss the breach of fiduciary duty counterclaims against AI Marine,[3] the Court agrees with Magistrate Judge Francis's conclusion in *American Home II* that Merck has stated a viable claim for breach of fiduciary duty arising out of AI Marine's performance of claims adjustment services for Merck. *See American Home II*, 2004 WL 2149103 at *3–4. As *American Home II* discussed, American Home has not demonstrated that, under Pennsylvania law, independent claims adjusters owe no fiduciary duties towards insureds where the claims at issue were subject to a self-insured retention, as was the case here. *Id.* More fundamentally, Merck states in its Amended Answer: "AI Marine Adjusters, *by accepting appointment by Merck as its indemnity agent,* assumed a fiduciary duty [to] handle monetary claims with reasonable diligence, in Merck's best interests, and for Merck's benefit." (Amended Answer ¶¶ 133 (emphasis added).) When reasonable inferences are drawn in favor of Merck, the Amended Answer asserts the existence of a contractual relationship between Merck and AI Marine that would impose fiduciary duties on AI Marine. *See Ruthardt v. Sandmeyer Steel Co.*, No. Civ. A. 94–6105, 1995 WL 649142, at *3 (E.D.Pa.1995) (citing *Bleday v. OUM Group*, 435 Pa.Super. 395, 645 A.2d 1358,

1363 (1994)) (indicating that an insurance adjuster who has a contractual relationship with an insured may have fiduciary obligations towards the insured under Pennsylvania law).

■ American Home's arguments for dismissing Merck's bad faith claim under Pennsylvania law are similarly without merit. To establish an insurer's bad faith under Pennsylvania law, an insured must demonstrate, by clear and convincing evidence, "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir.1997) (citing *Terletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994), *appeal denied,* 540 Pa. 641, 659 A.2d 560 (1995)). Pennsylvania courts have alternatively stated that an insurer's "[b]ad faith will be shown where an insurer has for a frivolous or unfounded reason refused to pay the proceeds of a policy to its insured." *Hollock v. Erie Ins. Exchange,* 842 A.2d 409, 416 (Pa.Super.2004).

■ Merck's Amended Answer adequately pleads American Home's bad faith under the relevant legal standards. In Amended Answer ¶ 137, Merck first makes general allegations that, if proven, would satisfy the two prongs of Pennsylvania's bad faith test restated in *Klinger:*

> American Home's refusals to indemnify Merck for claims under the Transit Policy, and/or to provide the aforementioned claims service to Merck, were willful, wanton, malicious, without justification or excuse, and taken in bad faith to

---

**3.** American Home has not explained why it should be entitled to assert defenses on behalf of AI Marine, which is "in court, represented by separate counsel, and [is] not now here complaining about" the assertion of breach of fiduciary duty claims against it, *Norton v.*

*Lindsay,* 350 F.2d 46, 48 (10th Cir.1965), although it appears from the Amended Answer that Merck is seeking recovery against American Home as well as AI Marine for alleged breaches of fiduciary duty committed by AI Marine.

further American Home's own improper objectives, and with conscious intent to injure Merck and/or with disregard for the interests of Merck, to the prejudice and detriment of Merck.

Specifically, the allegations that American Home's refusals to indemnify were "wanton, malicious, without justification or excuse," make clear that Merck contends American Home "lacked a reasonable basis for denying benefits." *Klinger,* 115 F.3d at 233, while allegations that American Home's refusals to indemnify were made "with conscious intent to injure Merck and/or with disregard for the interests of Merck" supply the intent element of the Klinger test by asserting that American Home "knew or recklessly disregarded its lack of reasonable basis" for denying Merck indemnification. *Id.*

Moreover, Merck's claim is supported by allegations of specific facts manifesting American Home's bad faith. The Amended Answer lists several examples of American Home's bad faith conduct, including the insurer's alleged: unreasonable delays in processing and resolving Merck's claims in order to avoid eroding Merck's self-insured retention limit (Amended Answer ¶ 138(c)); unreasonable denial of Merck's indemnification claims (*id.* ¶ 138(e)); requirement that Merck use AI Marine or other captive American Home affiliates for claim adjustment services despite the actual conflict of interest created by the affiliates' relationships to American Home (*id.* ¶ 139); and unreasonable demands that Merck lower its quality control standards concerning fitness of products for use, as a result misapplying or ignoring applicable FDA and other governmental regulations, or suffer denial of claims as a result (*id.* ¶ 140).

American Home fails to explain why these allegations are insufficient to support Merck's bad faith claim under Pennsylvania law. Instead, American Home's brief in support of its motion argues contrary facts, and cites to deposition transcripts and other discovery documents concerning Merck's alleged refusal to release its quality control ("QC") guidelines to American Home, as its asserted good-faith basis for denying Merck's claims for indemnification for certain shipments. (*See* American Home Assurance Company's Memorandum of Law in Support of Motions for (1) Partial Summary Judgment on the Issue of Choice of Law and (2) The Dismissal of Certain Counterclaims Asserted by Merck & Co., Inc., dated April 21, 2004 (hereinafter, "American Home Mem. of Law") at 14–16.)

But it would be inappropriate for the Court to consider material outside of the pleadings in deciding American Home's motion to dismiss, particularly where Merck was subject to a mandatory discovery stay on its bad faith counterclaim at the time that it responded to American Home's motion. (*See* Merck & Co', Inc's Memorandum of Law in Opposition to American Home Assurance Company's Motions for (1) Partial Summary Judgment on the Issue of Choice of Law and (2) The Dismissal of Certain Counterclaims Asserted by Merck & Co., Inc., dated June 4, 2004 (hereinafter, "Merck Mem. of Law") at 16–17 (describing the stay of discovery on Merck's bad faith counterclaim); *American Home Assurance Co. v. Merck & Co.,* No. 03 Civ. 3850 (S.D.N.Y. May 13, 2004) (order staying discovery on Merck's extracontractual claims pending resolution of the instant motion and Merck's Rule 15(a) motion).) The Court, in considering American Home's motion to dismiss, "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991); *see also First Financial Ins. Co. v. Allstate Interior Demolition Corp.,*

193 F.3d 109, 116 (2d Cir.1999) (stating that a motion to dismiss for failure to state a claim "is ordinarily to be decided 'on the four corners' of the pleadings, without reference to extraneous evidence"). Even if the Court had the authority under Fed. R.Civ.P. 12(b) to convert American Home's motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 56, exercise of that authority would be inappropriate here, given Merck's inability at this stage of the proceedings to submit "all the evidence and arguments [it] could have and clearly would have" in opposition to a motion for summary judgment on its bad faith counterclaim. *First Financial Ins. Co.*, 193 F.3d at 116. Because American Home offers no legitimate reason why Merck's bad faith counterclaim is insufficient "on the four corners of the pleadings," *id.*, its motion to dismiss that counterclaim must be denied.

## IV. *ORDER*

For the reasons discussed above, it is hereby:

**ORDERED** that the motion of plaintiff-counterclaim defendant American Home Assurance Company ("American Home") to dismiss counterclaims asserted by Merck & Co., Inc. ("Merck") for fraud, breach of fiduciary duty, and bad faith under Pennsylvania law is denied.

**SO ORDERED.**